**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FSO JONES, LLC,[1] | ) Case No. 22-10196 |
|  | ) |
| Debtor. | ) |
|  | ) |

**DEBTOR'S EX PARTE MOTION FOR ENTRY OF AN ORDER (I) EXTENDING TIME TO FILE (A) SCHEDULES OF ASSETS AND LIABILITIES, (B) SCHEDULES OF CURRENT INCOME AND EXPENDITURES, (C) SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (D) STATEMENTS OF FINANCIAL AFFAIRS, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor") respectfully states as follows in support of this motion:

**Relief Requested**

1. The Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) extending the deadline by which the Debtor must file its schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by seven days, for a total of twenty-one days from the Petition Date, through and including March 21, 2022, without prejudice to the Debtor's ability to request additional extensions, and (b) granting related relief.

---

[1] The debtor in this chapter 11 case, along with the last four digits of the debtor's federal tax identification number is: FSO Jones, LLC (4300). The location of the debtor's service address for purposes of this chapter 11 case is: 3900 W. Alameda Ave., 32nd Floor, Burbank, CA 91505.

KE 84300674

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Eastern District of Louisiana (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1007-1 and 9013-1 of the Uniform Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana (the "Local Rules").

**Background**

5. On February 28, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. As of the date hereof, the Office of the United States Trustee for the Eastern District of Louisiana (the "U.S. Trustee") has not appointed any official committees in this chapter 11 case.

7. As of the date hereof, the U.S. Trustee has not yet scheduled the first meeting of creditors pursuant to section 341 of the Bankruptcy Code.

**Basis for Relief**

8. Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) require the debtor in a voluntary chapter 11 case to file the schedules and statements required by Bankruptcy Rule 1007(b)(1) within fourteen days of the petition date. Thus, absent the requested

relief, the Debtor would be required to file its Schedules and Statements no later than March 14, 2022.

9. Bankruptcy Rule 9006(b) provides that the court may extend the time required for filing the schedules and statements "for cause. . . with or without motion or notice" upon request prior to expiration of the prescribed period. *See* Fed. R. Bankr. P. 9006(b). In addition, Local Rule 1007-1 permits a debtor to make a one-time *ex parte* request for an extension of the schedules and statements filing deadline of up to seven days.

10. Pursuant to Local Rule 1007-1, the Debtor requests a seven-day extension of the deadline to file its Schedules and Statements, through and including March 21, 2022, while it gathers information needed for the required filings and evaluates the anticipated course of this chapter 11 case.

11. To that end, the Debtor has consulted with the U.S. Trustee, who consents to an extension of time to file the Schedules and Statements up to and including March 21, 2022.

12. An extension of time to file Schedules and Statements is routinely granted in this district. *See, e.g.*, *In re Desai Holdings, LLC*, Case No. 21-11388 (Bankr. E.D. La. Dec. 7, 2021) (granting *ex parte* request to extend time to file schedules and statements); *In re Osaka Holdings, LLC*, Case No. 20-11247 (Bankr. E.D. La. July 31, 2020) (same); *In re The Roman Catholic Church of the Archdiocese of New Orleans*, Case No. 20-10846 (Bankr. E.D. La. May 14, 2020) (same); *In re FoodServiceWarehouse.com, LLC*, Case No. 16-11179 (Bankr. E.D. La. June 1, 2016) (same).[2]

---

[2] Copies of these orders are available upon request to the Debtor's proposed counsel.

**Reservation of Rights**

13. Nothing contained herein or any order granting the relief requested in this motion, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended to or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor; (b) a waiver of the Debtor's or other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is of an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtor or other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

**Motion Practice**

14. This motion includes citations to the applicable rules and statutory and other authorities upon which the relief requested herein is predicated and a discussion of their application to this motion in accordance with Local Rule 9013-2.

## Notice

15. The Debtor will provide notice of this motion to the following parties and/or their respective counsel, as applicable: (a) the Office of the United States Trustee for the Eastern District of Louisiana; (b) the holders of the 20 largest unsecured claims against the Debtor; (c) Greenland Film 2 S.C.S.; (d) JPMorgan Chase Bank, N.A., as Administrative Agent under the Debtor's senior secured credit facility; (e) Red Fish Blue Fish, LLC, as Administrative Agent under the Debtor's mezzanine credit facility; (f) the United States Attorney's Office for the Eastern District of Louisiana; (g) the Internal Revenue Service; (h) the attorneys general for the states in which the Debtor operates; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

16. No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

New Orleans, Louisiana
February 28, 2022

 */s/ Douglas S. Draper*
_____

| | |
|---|---|
| **HELLER, DRAPER & HORN, LLP** | **KIRKLAND & ELLIS LLP** |
| Douglas S. Draper | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 650 Poydras Street, Suite 2500 | Anup Sathy, P.C. (*pro hac vice* pending) |
| New Orleans, Louisiana 70130 | Chad J. Husnick, P.C. (*pro hac vice* pending) |
| Telephone: (504) 299-3300 | Whitney Fogelberg (*pro hac vice* pending) |
| Email: ddraper@hellerdraper.com | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: anup.sathy@kirkland.com |
| | chad.husnick@kirkland.com |
| | whitney.fogelberg@kirkland.com |
| *Proposed Co-Counsel to the Debtor and Debtor in Possession* | *Proposed Co-Counsel to the Debtor and Debtor in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FSO JONES, LLC,[1] | ) Case No. 22-10196 |
| | ) |
| Debtor. | ) |
| | ) |

**ORDER (I) EXTENDING TIME
TO FILE (A) SCHEDULES OF ASSETS AND
LIABILITIES, (B) SCHEDULES OF CURRENT INCOME
AND EXPENDITURES, (C) SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND (D) STATEMENTS OF FINANCIAL AFFAIRS, AND
(II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), (a) extending the deadline to file the Debtor's schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements"), and (b) granting related relief, all as more fully set forth in the Motion; and the United States Bankruptcy Court of the Eastern District of Louisiana (this "Court") having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and

---

[1] The debtor in this chapter 11 case, along with the last four digits of the debtor's federal tax identification number is: FSO Jones, LLC (4300). The location of the debtor's service address for purposes of this chapter 11 case is: 3900 W. Alameda Ave., 32nd Floor, Burbank, CA 91505.

this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. This Motion is granted on a basis as set forth herein.

2. The time within which the Debtor must file the Schedules and Statements is extended to March 21, 2022, without prejudice to the Debtor's right to seek additional extensions.

3. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor; (b) a waiver of the Debtor's or other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is of an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estates; (g) a waiver or limitation of any claims, causes of action, or other rights of any Debtor or other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice thereof, and the requirements of any applicable Federal Rules of Bankruptcy Procedure

3

(the "Bankruptcy Rules") and the Uniform Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana are satisfied by such notice.

5. Notwithstanding any provision in the Bankruptcy Rules to the contrary, to the extent applicable, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.